**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

ANDREA AUER,

    Plaintiff,

v.                                                    Case No: 5:15-cv-254-Oc-30PRL

GASTROENTEROLOGY AND
NUTRITION OF CENTRAL
FLORIDA, LLC, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Count II of the Amended Complaint (Doc. 17) and Plaintiff's response in opposition (Doc. 20). The Court, having reviewed the motion and response, and being otherwise fully advised in the premises, concludes that Defendants' motion to dismiss should be denied.

## BACKGROUND

Plaintiff, formerly employed by Defendants as a medical and clinical assistant, initiated this action against Defendants asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 255(a), for unpaid overtime wages (Count I) and retaliation based on constructive discharge (Count II). Plaintiff was hired by Defendants on October 1, 2014. Plaintiff alleges that she regularly worked in excess of forty hours per week, working eight to twelve hours a day, four days per week. According to Plaintiff, while she worked for Defendants, she was not allowed to take a thirty-minute lunch break and was

not compensated for the time she spent working through her break each day. Plaintiff also asserts that she was not compensated for time spent (1) traveling to Defendants' satellite office from their main office, which Defendants required of Plaintiff approximately three times per week; (2) regularly returning calls to patients and speaking with her supervisor, Dr. Nehme Gabriel, for two hours following the end of her regular shift approximately two to three days per week; and (3) traveling to Defendants' main office on two Saturdays per month to deliver patient files. Plaintiff asserts that, on average, Defendants failed to compensate her for twelve hours of overtime worked each week.

In February 2015, Plaintiff approached Dr. Gabriel and demanded that Defendants compensate her for the hours she worked in excess of forty hours per week. Dr. Gabriel allegedly told Plaintiff that compensating her for these hours "would not be good for business." Shortly thereafter, Defendants modified Plaintiff's pay structure without her consent, switching her from hourly to salary and modifying the frequency at which Plaintiff received her pay to biweekly. Plaintiff asserts that this modification to her pay structure resulted in a dramatic reduction in her overall compensation, and Plaintiff protested the modification. In response, Defendants returned Plaintiff to hourly and increased Plaintiff's hourly rate of pay beginning the next pay period. Defendants also paid Plaintiff for the overtime hours she worked during that pay period at her base rate of pay. However, Plaintiff contends that she was entitled to one-half times her base rate of pay for overtime hours.

Because Defendants did not compensate Plaintiff at the appropriate overtime rate and modified her pay structure without her consent, Plaintiff resigned on March 10, 2015;

Plaintiff asserts that her resignation amounted to constructive discharge because she was subjected to intolerable conditions of employment following her complaints that Defendants were not compensating her in accordance with the law.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations of the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts, however, are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

Defendants seek to dismiss Count II of Plaintiff's amended complaint alleging FLSA retaliation based on her constructive discharge. (Doc. 17). Specifically, Defendants argue that Plaintiff has not pleaded sufficient allegations establishing that her working conditions were sufficiently intolerable to compel a reasonable person to resign from his or her employment.

To establish a prima facie claim of retaliation under the FLSA, Plaintiff must allege that (1) she engaged in a protected activity; (2) she subsequently suffered adverse employment action by Defendants; and (3) a causal connection existed between Plaintiff's protected activity and Defendants' adverse employment action. *See Wolf v. Coca-Cola*

*Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000). Defendants contend that Plaintiff cannot establish an adverse employment action because she cannot establish that she was constructively discharged.

> Constructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job. A plaintiff must show the work environment and conditions of employment were so unbearable that a reasonable person in that person's position would be compelled to resign. Establishing a constructive discharge claim is a more onerous task than establishing a hostile work environment claim.

*Bryant v. Jones*, 575 F.3d 1281, 1298-99 (11th Cir. 2009) (citations and quotation marks omitted). At this stage of the proceedings, the Court concludes that Plaintiff has alleged sufficient facts to sustain a claim for retaliation under the FLSA based on constructive discharge. *See Schamis v. Josef's Table, LLC*, No. 12-80638-CIV, 2014 WL 1463494, at *4 (S.D. Fla. Apr. 15, 2014) (concluding that a reduction in the plaintiff's work hours was sufficient to support a claim for FLSA retaliation based constructive discharge at the motion-to-dismiss stage). Defendants' arguments would be better assessed at summary judgment with the benefit of a full record.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Count II of the Amended Complaint (Doc. 17) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of September, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record